**Kevin T. Lafky**, OSB#852633
klafky@lafky.com
**Amanda L. Reilly**, OSB#194422
areilly@lafky.com
**LAFKY & LAFKY**
429 Court St. NE
Salem, OR 97301
Telephone: (503) 585-2450
Facsimile: (503) 585-0205
Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WILLIAM BLANSCET,<br><br>Plaintiff,<br><br>v.<br><br>OREGON DEPARTMENT OF CORRECTIONS; OREGON STATE PENITENTIARY; REED PAULSON, M.D., individually and in his personal capacity, and DOES 1 through 3, individually and in their personal capacity,<br><br>Defendants. | Case No. 6:21-cv-00301<br><br>COMPLAINT - NEGLIGENCE; 42 U.S.C. § 1983 (Eighth Amendment)<br><br>Not Subject to Mandatory Arbitration<br><br>Demand For Jury Trial |

Plaintiff William Blanscet alleges, at all material times herein:

**PARTIES**

1.

Plaintiff William Blanscet (hereinafter "Plaintiff"), SID 13547029, is currently an inmate

at the Oregon State Correctional Institution.  At all material times to this complaint, Plaintiff was

incarcerated at Defendant Oregon State Penitentiary (hereinafter "OSP") in Marion County,

**PAGE 1  - COMPLAINT**

Oregon and was unable to seek independent medical care.

2.

Defendant Oregon Department of Corrections ("ODOC") is an Oregon State Agency duly organized and existing under the laws of the State of Oregon and is located in Marion County, Oregon.  ODOC staffs and operates OSP and promulgates the administrative rules and policies to which OSP must adhere to.

3.

Defendant Reed Paulson, M.D. ("Dr. Paulson") is a family practitioner licensed to practice medicine in the State of Oregon.  At all material times, Dr. Paulson acted within the course and scope of his employment, or in the alternative, in an agency capacity with Defendant ODOC and was acting under color of state law.

4.

At all material times, Defendants DOES 1 through 3 were individuals acting within the course and scope of their employment or in the alternative in an agency capacity with ODOC and OSP and were acting under color of state law.  The true names of DOES 1 through 3 are currently unknown.  Plaintiff shall seek leave to amend this Complaint to designate each DOE with his or her real name when their identities are ascertained.

**JURISDICTION**

5.

Plaintiff asserts claims for violation of his Eighth Amendment right not to be subjected to cruel and unusual punishment under 42 U.S.C. § 1983.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction.

**PAGE 2  - COMPLAINT**

6.

Plaintiff also asserts state law claims for medical negligence.  This Court has

supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because

Plaintiff's state law claims are so closely related to his federal law claims that they form part of

the same case or controversy under Article III of the United States Constitution.

## VENUE

7.

Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2) because a substantial

part of the events or omissions giving rise to the claims asserted in this Complaint occurred in

Marion County, Oregon.

## TORT CLAIMS NOTICE

8.

Pursuant to ORS 30.275, Plaintiff satisfied the Oregon Tort Claims Act requirements by

sending, through certified mail, a tort claims notice to the Oregon Department of Administrative

Services within 180 days after the alleged loss or injury.

## REQUEST FOR JURY TRIAL

9.

Plaintiff requests a jury trial in this matter.

## FACTUAL ALLEGATIONS

10.

In early May 2018, Plaintiff presented to OSP's medical infirmary after having developed

severe and persistent pain in his hip and restricted mobility.  Plaintiff's symptoms were

**PAGE 3  - COMPLAINT**

extremely concerning and warranted immediate medical attention and diagnostic imaging.

11.

Dr. Paulson and DOES 1 through 3 failed to recognize the concerning nature of Plaintiff's symptoms and denied Plaintiff adequate medical treatment for the following six weeks.

12.

On June 29, 2018, after continued complaints of pain and discomfort, Plaintiff underwent a pelvic x-ray that indicated developing osteoarthrosis, sclerosis, and prominent superolateral acetabulariosteophytosls. Dr. Paulson and DOES 1 through 3 failed to order any follow up imaging, including an MRI or CT scan.

13.

Over the next six months, Plaintiff continued to report persistent and excruciating pain in his hip, limited mobility, insomnia, drastic weight loss, and that one leg was shorter than the other. Dr. Paulson and DOES 1 through 3 attributed Plaintiff's pain to childhood injuries and refused to investigate his complaints further. During this time, Plaintiff's anti-anxiety medication was ceased despite "debilitating anxiety."

14.

On January 2, 2019, after months of repeated complaints, Dr. Paulson instructed Plaintiff to begin physical therapy even though he had not identified the source of Plaintiff's pain. Physical therapy further aggravated Plaintiff's pain and injuries and delayed necessary treatment.

15.

In early February 2019, Plaintiff became completely immobile due to the intolerable level of pain he was experiencing. Plaintiff reported to Dr. Paulson and DOES 1 through 3 that his

**PAGE 4  - COMPLAINT**

pain levels were "10/10."

16.

On February 26, 2019, Plaintiff received a pelvic MRI which showed extensive

destructive process in the right hemipelvis, as well as multiple additional bone lesions involving

his right femur, sacrum, left hemipelvis, and spine.  Based on these results, Plaintiff underwent a

biopsy on March 18, 2019 which revealed metastatic prostate adenocarcinoma.

17.

On March 22, 2019, Plaintiff was diagnosed with Stage IV prostate cancer with extensive

skeletal metastasis on presentation and path fracture of his right ilium.  Plaintiff began

chemotherapy treatment six days later.

18.

Had Plaintiff undergone a pelvic MRI or CT scan in June 2018, his physician would have

diagnosed his cancer and started the appropriate treatment sooner, saving Plaintiff months of

unnecessary pain, suffering, and extraordinary emotional distress.

19.

Additionally, had Plaintiff's cancer been diagnosed sooner, it is likely that he would not

have needed cervical spine induction or hormonal therapy and would not have suffered a

pulmonary embolism, immobility, arm weakness, neck, back and shoulder pain, or developed a

limp.

20.

As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff

has suffered non-economic damages in the form of severe pain, suffering, mental and emotional

distress, insomnia, severe anxiety, stomach pain, depression, worry, humiliation, fear, frustration, inconvenience, decreased appetite, decreased energy, and interference with his normal life activities in an amount to be proven with particularity at trial, but is alleged to be $500,000.

## FIRST CLAIM FOR RELIEF - MEDICAL NEGLIGENCE

### (Against Defendants ODOC and OSP)

21.

Plaintiff re-alleges and incorporates paragraphs 1 through 20 by reference.

22.

At all material times, Dr. Paulson and DOES 1 through 3 were acting within the scope and course of their employment with ODOC and OSP.  As such, ODOC and OSP are vicariously liable for Dr. Paulson's and DOES 1 through 3's negligent actions and omissions.

23.

ODOC, OSP, and its employees and/or agents had a medical care provider-patient relationship with Plaintiff.  As such, ODOC, OSP, and its employees and/or agents owed Plaintiff a special duty to exercise the degree of care, skill, and diligence which is used by ordinarily careful physicians practicing in the same medical field and in the same or a similar community.

24.

ODOC and OSP breached said duty of care in the following particulars:

(A)    Failing to order an x-ray, MRI, CT scan, or other diagnostic imaging from May 2018 through June 2018;

(B)    Failing to order an MRI or CT scan from June 2018 through February 2019;

**PAGE 6  - COMPLAINT**

(C)     Failing to prescribe effective pain medications in light of Plaintiff's severe and excruciating pain;

(D)     Ceasing Plaintiff's prescription for anti-anxiety medications despite reports of increasing and debilitating anxiety;

(E)     Ordering Plaintiff to undergo physical therapy; and

(F)     Failing to diagnose Plaintiff's prostate cancer for nearly one year.

25.

As a direct, proximate, and foreseeable result of ODOC's and OSP's negligence, Plaintiff suffered non-economic damages as alleged in paragraph 20 of this Complaint.

## SECOND CLAIM FOR RELIEF - MEDICAL NEGLIGENCE

### (Against Defendants Dr. Paulson and DOES 1-3)

26.

Plaintiff re-alleges and incorporates paragraphs 1 through 25 by reference.

27.

Dr. Paulson and DOES 1 through 3 has a medical care provider-patient relationship with Plaintiff.  As such, Dr. Paulson and DOES 1 through 3 owed Plaintiff a special duty to exercise the degree of care, skill, and diligence which is used by ordinarily careful physicians practicing in the same medical field and in the same or a similar community.

28.

Dr. Paulson and DOES 1 through 3 breached his duty in the following particulars:

(A)     Failing to order an x-ray, MRI, CT scan, or other diagnostic imaging from May 2018 through June 2018;

(B)     Failing to order an MRI or CT scan from June 2018 through February 2019;

(C)     Failing to prescribe effective pain medications in light of Plaintiff's severe and excruciating pain;

(D)     Ceasing Plaintiff's prescription for anti-anxiety medications despite reports of increasing and debilitating anxiety;

(E)     Ordering Plaintiff to undergo physical therapy; and

(F)     Failing to diagnose Plaintiff's prostate cancer for nearly one year.

29.

As a direct, proximate, and foreseeable result of Dr. Paulson's and DOES 1 through 3's negligence, Plaintiff suffered non-economic damages as alleged in paragraph 20 of this Complaint.

## THIRD CLAIM FOR RELIEF - 42 U.S.C. § 1983

### Deliberate Indifference to Serious Illness or Injury

### (Against Defendants Dr. Paulson and DOES 1-3)

30.

Plaintiff re-alleges and incorporates paragraphs 1 through 29 by reference.

31.

42 U.S.C. § 1983 provides that a party shall be liable where "under color of any statute, ordinance, regulation, custom, or usage, of any State . . subjects, or causes to be subjected, any person of the United States . . .  deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."

/////

**PAGE 8  - COMPLAINT**

32.

Under the Eighth Amendment of the United States Constitution, Plaintiff has a right to be free from cruel and unusual punishment.  Deliberate indifference to one's serious medical needs in cruel and unusual punishment.

33.

At all material times, Dr. Paulson and DOES 1 through 3 were acting in the course and scope of their employment with ODOC and OSP and under color of state law.

34.

As described above in more detail, Dr. Paulson and DOES 1 through 3 deprived Plaintiff of his constitutional right to be free from cruel and unusual punishment by being deliberately indifferent to his severe and urgent medical needs.  Dr. Paulson and DOES 1 through 3 failed to take any meaningful steps to diagnose Plaintiff's injuries for almost a year, ordered Plaintiff to undergo physical therapy without identifying the cause of Plaintiff's injuries, and failed to prescribe effective pain medications.

35.

The deliberate indifference to Plaintiff's severe and urgent medical needs led to Plaintiff being further injured.  Had Plaintiff's cancer been diagnosed sooner, he would not have needed cervical spine induction or hormonal therapy and would not have suffered months of severe pain, a pulmonary embolism, immobility, neck pain, arm weakness, and debilitating anxiety.

36.

Dr. Paulson and DOES 1 through 3 acted intentionally, recklessly, or maliciously, and with deliberate indifference to Plaintiff's constitutional rights, which resulted in unnecessary and

wanton infliction of pain.

37.

As a direct, proximate, and foreseeable result of Dr. Paulson's and DOES 1 through 3's actions and omissions, Plaintiff suffered needless and preventable pain described above.  Plaintiff requests non-economic damages as set forth in paragraph 20, along with reasonable attorney fees, expert witness fees, costs, and interest pursuant to 42 U.S.C. §1988.

**FOURTH CLAIM FOR RELIEF - 42 U.S.C. § 1983**

**Delay of Medical Treatment**

**(Against Defendants Dr. Paulson and DOES 1-3)**

38.

 Plaintiff re-alleges and incorporates paragraphs 1 through 37 by reference.

39.

42 U.S.C. § 1983 provides that a party shall be liable where "under color of any statute, ordinance, regulation, custom, or usage, of any State . . subjects, or causes to be subjected, any person of the United States . . .  deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."

40.

Under the Eighth Amendment of the United States Constitution, Plaintiff has a right to be free from cruel and unusual punishment.  Delay, denial, and interference with essential medical care is cruel and unusual punishment.

41.

At all material times, Dr. Paulson and DOES 1 through 3 were acting in the course and

**PAGE 10  - COMPLAINT**

scope of their employment with ODOC and under color of state law.

42.

As described above in more detail, Dr. Paulson and DOES 1 through 3 violated Plaintiff's right to be free from cruel and unusual punishment by denying and delaying necessary medical treatment for his prostate cancer. Dr. Paulson and DOES 1 through 3 failed to take any meaningful steps to diagnose Plaintiff's injuries for almost a year and ordered Plaintiff to undergo physical therapy without identifying the cause of Plaintiff's injuries, which only served to further aggravate Plaintiff's pain.

43.

The delay in treatment led to Plaintiff being further injured. Had Plaintiff's cancer been diagnosed sooner, he would not have needed cervical spine induction or hormonal therapy and would not have suffered months of severe pain, a pulmonary embolism, immobility, neck pain, arm weakness, and debilitating anxiety.

44.

Dr. Paulson and DOES 1 through 3 acted intentionally, recklessly, or maliciously, and with deliberate indifference to Plaintiff's constitutional rights, which resulted in an unnecessary and wanton infliction of pain.

45.

As a direct, proximate, and foreseeable result of Dr. Paulson's and DOES 1 through 3's actions and omissions, Plaintiff suffered extreme and unnecessary pain and suffering as described above and requests non-economic damages as set forth in paragraph 20, along with reasonable attorney fees, expert witness fees, costs, and interest pursuant to 42 U.S.C. §1988.

**PAGE 11 - COMPLAINT**

WHEREFORE, Plaintiff prays for a judgment award his the following relief:

1.    Non-economic damages in an amount to be proven at trial, but which sum is

    alleged to be $500,000;

2.    Attorney fees, expert witness fees, costs, and interest pursuant to 42 U.S.C.

    §1988.

3.    Costs and disbursements incurred in this matter; and

4.    Any other relief this court deems just and equitable.

DATED this 25th day of February, 2021.

                            /s/ Kevin T. Lafky
                            Kevin T. Lafky, OSB#852633
                            klafky@lafky.com
                            Amanda L. Reilly, OSB#194422
                            areilly@lafky.com
                            LAFKY & LAFKY
                            Of Attorneys for Plaintiff

**PAGE 12  - COMPLAINT**